IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| THOMAS R. ARRA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 13-cv-8386 |
| v. | ) | Judge Robert M. Dow, Jr. |
| JOSEPH YURKOVICH, in his individual capacity and official capacity as Warden of the Hill Correctional Center; (First Name Unknown) STEELE, in his individual capacity and official capacity as an employee of the Hill Correctional Center; and | ) | |
| DOES, ONE THROUGH TWENTY, in their individual and respective official capacities, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER AND OPINION

Plaintiff Thomas R. Arra ("Plaintiff") brings suit under the Eighth Amendment against defendants for their alleged failure to protect him from being assaulted by his cellmate while incarcerated at the Hill Correctional Center in Illinois. Before the Court is a motion by Defendant Yurkovich ("Defendant") for summary judgment [36]. For the reasons stated below, the Court grants Defendant's motion [36] and will enter a final judgment under Federal Rule of Civil Procedure 58 against Plaintiff and in favor of Defendant Yurkovich. In addition, pursuant to Federal Rule of Civil Procedure 4(m), the Court dismisses without prejudice Plaintiff's claims against the remaining defendants, Does One through Twenty and (First Name Unknown) Steele (collectively, the "Doe Defendants") based on Plaintiff's failure to identify and serve the Doe Defendants within 120 days of filing his complaint.

## I. Background

### A. Fact Statements

Local Rule of Civil Procedure 56.1 requires a party moving for summary judgment to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." N.D. Ill. R. 56.1(a)(3). The statement "shall consist of short numbered paragraphs" that refer to "materials relied upon to support the facts set forth." N.D. Ill. R. 56.1(a). The rule also requires the nonmovant (here, Plaintiff) to file (1) a concise response to a movant's statement of facts containing "any disagreement, specific references to the affidavits, parts of the record, and other supporting materials"; and (2) a statement (if any) of additional facts that require the denial of summary judgment. L.R. 56.1(b)(3). It is "well within the district court's discretion" to strictly enforce Local Rule 56.1, even where the party opposing summary judgment "is a *pro se* litigant." *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010).

Defendant complied with Local Rule 56.1 by filing a statement of material facts with supporting materials. See [38] – [38-8]. Defendant also complied with Local Rule 56.2 by filing and serving on Plaintiff a "Notice to *Pro Se* Litigants Opposing Summary Judgment."[1] The notice states that Plaintiff must comply with Local Rule 56.1 and explains what the rule requires. Plaintiff has failed to respond to Defendant's motion for summary judgment. Therefore, the Court will accept Defendant's statement of facts [38] as true so long as the facts are supported by the record. See *Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 802 n.3 (N.D. Ill.

---

[1] Following the withdrawal of Plaintiff's original (retained) lawyer in December 2014, the Court requested that a member of the Court's Trial Bar, Mr. Thomas Gemmell, consider representing Plaintiff as "recruited" counsel. Mr. Gemmell submitted a statement [30] declining to accept the representation in view of his obligations under Federal Rule of Civil Procedure 11.

2005) ("Local Rule 56.1 * * * requires that statements of facts contain allegations of material fact, and the factual allegations must be supported by admissible record evidence.").

B.  Facts

Plaintiff was formerly an inmate in the custody of the Illinois Department of Corrections ("IDOC"). Defendant Yurkovich is an employee of IDOC and was formerly the Acting Warden of Hill Correctional Center ("HCC").

In November 2011, Plaintiff was an inmate at HCC. At the time, he was 65 years old, 5' 9" tall, and weighed 160 pounds. On November 9, 2011, Plaintiff was issued a disciplinary report alleging that he violated HCC's rules by sending inmates money from outside sources and using other inmates' PIN codes to make telephone calls. On November 14, 2011, Plaintiff was found guilty of these infractions and was sentenced to three months of "C grade status," three months of segregation, three months of gym and yard restriction, and the revocation of one month of good conduct credit. On the same day, an "Offender Special Placement Double Cell Assessment" was completed for Plaintiff. See 38-3. It recommended Plaintiff for "double celling" in segregation, *i.e.*, the housing of Plaintiff in a prison cell with a second inmate. [38-3] at 2. The form stated that Plaintiff's aggression level was "unknown." *Id.* Yurkovich made the final determination that double-celling was appropriate and signed the approval form. *Id.*

At this time, Roosevelt Baggett also was an inmate at HCC. Baggett entered IDOC custody on August 20, 2011. At the time, he was 33 years old, 5' 9" tall, and weighed 190 pounds. Baggett, like Plaintiff, was issued a disciplinary report on November 14, 2011. See [38-5]. The report alleged that Baggett refused a direct order to return to his cell. Baggett justified his refusal on the basis that "he and his cellie couldn't agree on anything, and he wasn't comfortable in the cell with his cellie." [38-5] at 2. Baggett was found guilty of refusing a direct

3

order and was sentenced to one month of "C grade status" and fifteen days of segregation. This was the first time that Baggett was disciplined while in IDOC custody. IDOC completed an "Offender Special Placement Double Cell Assessment" for Baggett, which Yurkovich approved and signed. [38-3] at 3. It listed Baggett's aggression level as "unknown" and recommended Baggett for double celling. *Id.*

Plaintiff and Baggett were placed together as roommates in a segregation cell on November 14, 2011. A few weeks later, on December 7, 2011, Baggett violently assaulted Plaintiff in their shared cell. See [38-6]. According to the disciplinary report prepared concerning the incident, Baggett admitted to hitting Plaintiff in the mouth. Plaintiff reported that Baggett struck him in the face two or three time, which knocked him backward into the bottom bunk, and then struck him in the face, jaw, and neck twelve to fifteen times. Plaintiff reported that he was able to get to the door of the cell and hit an emergency alarm to summon officers. The disciplinary report states that Plaintiff was examined by medical staff, who identified the following injuries: 1) a 2.5 centimeter laceration to the scalp; 2) bruising and swelling to the left eye; 3) bruising and swelling to the left cheek; 4) bruising and swelling to the lower left jaw and neck area; and 5) bruising to the right thigh area around the knee. Plaintiff received four sutures to close the laceration in his scalp.

On November 20, 2013, Plaintiff filed a one-count complaint against Defendant Yurkovich and the Doe Defendants for failure to protect Plaintiff in violation of the Eighth Amendment to the U.S. Constitution [1]. The complaint states that Plaintiff would "amend the complaint" to show the "true names and capacities" of the Doe Defendants "when the same have been ascertained." [1] at 2. Plaintiff alleges that Defendants were deliberately indifferent to his safety when "they caused Baggett, known by defendants to have violent propensities and a

history of attacking fellow inmates, to be placed in the same cell as Plaintiff." *Id.* at 4. Plaintiff also alleges that Defendants were deliberately indifferent because they failed to place him in a segregated cell or in a cell-block with only non-violent inmates. According to Plaintiff, Defendants "knew of th[e] substantial risk" that Baggett would attack him "from the very fact that [the risk] was so obvious." *Id.* Plaintiff alleges that he "has suffered and continues to suffer damages" caused by defendants' deliberate indifference to his safety. *Id.*

## II.     Legal Standard

Defendant Yurkovich has moved for summary judgment against Plaintiff and Plaintiff has failed to respond to the motion. Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

## III.    Analysis

"To establish an Eighth Amendment failure to protect claim, a plaintiff must show 1) that he suffered an objectively 'sufficiently serious' injury; and 2) that he was 'incarcerated under conditions posing a substantial risk of serious harm.'" *Borello v. Allison*, 446 F.3d 742, 747 (7th

Cir. 2006) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). A prison official will be liable for an Eighth Amendment violation "'only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 847). "That the officer had actual knowledge of impending harm can be inferred from circumstantial evidence." *Id.* (citing *Farmer*, 511 U.S. at 842). However, "a general risk of violence is not enough to establish knowledge of a substantial risk of harm." *Vesey v. Owens*, 2015 WL 3666730, at *8 (N.D. Ill. June 12, 2015). The officer "must have acted with the equivalent of criminal recklessness"; a showing of negligence or even gross negligence is not enough. *Fisher*, 414 F.3d at 662.

Defendant Yurkovich argues that he is entitled to summary judgment because he had no actual knowledge of any impending harm to Plaintiff. Specifically, Defendant argues that: 1) Baggett had no instances of violent conduct within IDOC prior to being double-celled with Plaintiff; and 2) Defendant was not aware of any issues related to violent conduct on Baggett's part prior to his placement in a cell with Plaintiff. By failing to respond to Defendant's motion [36], Plaintiff has not made any attempt to establish that a genuine issue of material fact exists concerning Defendant's entitlement to judgment against him.

The Court concludes that Defendant is entitled to summary judgment because Plaintiff has come forward with no evidence—either direct or circumstantial—indicating that Defendant knew that housing Plaintiff with Baggett would subject Plaintiff to a substantial risk of serious harm. The undisputed evidence, which includes Baggett's disciplinary history [38-7], shows that Baggett had no prior history of violent conduct within IDOC prior to his placement in a double cell with Plaintiff. The undisputed evidence also shows that Defendant had no independent

knowledge of any violent tendencies on Baggett's part before he approved Baggett and Plaintiff for double-celling. Defendant submitted a sworn declaration [38-2] attesting to his lack of prior knowledge. The assessments that Defendant approved before Plaintiff and Baggett were housed together are consistent with his declaration; they show that the "aggression level" for both inmates was "unknown" at that time. [38-3] at 2, 3. While Defendant acknowledges that Baggett had other violent incidents at IDOT *after* his incident with Plaintiff, this is insufficient to raise a material question of fact concerning Defendant's knowledge at the time of the incident with Plaintiff. In addition, there is no evidence that Baggett ever threatened Plaintiff prior to the December 7 incident or that Plaintiff had reported any threats or fears to HCC officials. Therefore, the Court finds that there is no material question of fact concerning whether Defendant knew that housing Plaintiff and Baggett together would place Plaintiff at substantial risk of serious harm, and Defendant is entitled to summary judgment. See, *e.g.*, *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (affirming grant of summary judgment to defendant prison officials on failure to protect claim where the plaintiff "failed to offer evidence that any violent attack occurred in Tier 2B—other than his own—to put defendants on notice of such a risk to him"); *Maldonado v. Garcia*, 2015 WL 4483975, at *3 (N.D. Ill. July 22, 2015) (granting summary judgment to defendant prison official on claim that prison official failed to protect plaintiff from attack by fellow inmate, where evidence showed that plaintiff never feared attack prior to its occurrence and the only evidence suggesting the fellow inmate "had a history of violence" was hearsay testimony of a third inmate); *Vesey v. Owens*, 2015 WL 3666730, at *8 (N.D. Ill. June 12, 2015) (granting summary judgment to defendant prison official on failure to protect claim, where the only evidence that defendant knew plaintiff was at risk of attack from another inmate was the alleged fact that "[i]nmates in protective custody are always [prone] to

danger it could be bullying, sexual abuse/harassment, taking of food etc."); *Hampton v. Dewlow*, 2013 WL 5288149, at *4 (N.D. Ill. Sept. 18, 2013) (granting summary judgment to defendant correctional officer on plaintiff's failure to protect claim, where there was no evidence that defendant knew that placing plaintiff in the general jail population rather than protective custody, as the plaintiff requested, would subject plaintiff to a substantial risk of harm).

## IV. Conclusion

For the reasons stated above, the Court grants Defendant Yurkovich's motion for summary judgment [36]. Summary judgment is entered for Defendant Yurkovich and against Plaintiff. In addition, the Court dismisses without prejudice Plaintiff's claims against the Doe Defendants. At the time relevant here, Rule 4(m) provided that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court * * * must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[2] The Doe Defendants should have been identified and served within this 120-day period. See *Harrell v. Bower Motors, Inc.*, 2004 WL 1745758, at *2 (N.D. Ill. July 30, 2004) (applying prior version of Rule 4(m), which provided for 120 days to complete service). Plaintiff filed his complaint more than two years ago, on November 20, 2013, but has never identified the Doe Defendants. Therefore, the Court dismisses Does One through Twenty and (First Name Unknown) Steele without prejudice.

Dated: December 21, 2015

Robert M. Dow, Jr.
United States District Judge

---

[2] Rule 4(m) was amended effective December 1, 2015 to shorten the presumptive time for service to 90 days.